## GERMANN VS. SCHWARTZ.

PRACTICE: *Mistake in bill of exceptions.—Order denying leave to answer, reviewed on appeal from judgment.*

1. A suggestion by counsel at the argument of a cause in the supreme court, that a statement in the bill of exceptions is erroneous, and was improperly inserted in the bill *after* it was settled and signed by the judge, cannot be regarded by the court, where the proper steps are not taken to have have the record corrected.
2. An order denying leave to answer may be reviewed on an appeal from the judgment, if duly excepted to.

APPEAL from the Circuit Court for *Washington* County.

Action for slander. After the time to answer had expired, to wit, on the 3d of May, 1866, the defendant moved for leave to file an answer containing a general denial, upon an affidavit which (in addition to the usual statements of an affidavit of merits) stated that the defendant is a German, and speaks no other language than the "Low Dutch;" that he is entirely ignorant of all legal proceedings, and the forms thereof; that a paper which he is informed is a copy of a summons in this action, was left with him between five and six months before the date of the affidavit; that he could not read it (as it was in the English language), and had no knowledge of what it was necessary to do in the matter; that less than ten days before the

first Monday of said month of May, defendant was informed that plaintiff had subpœnaed witnesses in a suit against him for slander, which was to be tried at the term of said court commencing on said first Monday of May, and was also informed that it was necessary for him to employ counsel and prepare for a defense; that upon conferring with counsel on the 30th of April, he was informed that it was necessary to procure a copy of the complaint; that thereupon, on the same day, he went to the county seat and applied at the office of the clerk of the court for such copy, but, owing to the absence of the clerk, was unable to procure one until the evening of May 2d. The court denied the motion; "to which," the record states, "defendant excepts." The next day, the cause was called for trial, and submitted to the jury on the evidence introduced by the plaintiff, and a verdict and judgment rendered in his favor. From this judgment the defendant appealed.

*Frisby & Weil*, for appellant.

*Thorp, Shelly & Frisby*, for respondent.

DIXON, C. J.   It was said by counsel for the respondent, at the bar, that there was no exception to the order of the court denying the defendant's motion for leave to answer; and that the exception noted in the record was falsely inserted after the bill of exceptions was signed.   We cannot act upon such suggestions of counsel, but must take the record as we find it, until the proper steps have been taken for that purpose, and the bill of exceptions actually corrected.

The record showing an exception, the order is a proper subject of review on this appeal.   We are of opinion that the affidavit read as the basis of the motion showed a case of inadvertence or excusable neglect which clearly entitled the defendant to the relief asked, under the statute.   R. S., ch. 125, sec. 38.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.