## TAYLOR and others vs. LUCAS.

RECORD: BILL OF EXCEPTIONS: CHANGE OF VENUE. *(1-3) What must appear by record proper, and what by bill of exceptions. (4) Proceedings for change of venue, and record thereof.*

1. A bill of exceptions should contain nothing that ought to appear by the record proper; and, so far as it contains anything of that character, is of no effect.
2. An order denying a motion to change the venue must appear from the record proper.

3. A written exception to an order is part of the record proper; but an exception purporting to be to an order, where there is no such order in the record, is a nullity.

4. To entitle a party to a change of venue (as for prejudice of the judge), an application must be made for the change, upon notice to the other side; an affidavit, filed, and read in open court by the attorney of the party, without proper notice and motion, has no effect to arrest the jurisdiction of the court; nor can the court properly act on such an affidavit until moved to do so. In this case, there being no notice of motion, and no motion, and the affidavit appearing to have been read by one who was not attorney for either party, the action of the court in disregarding it, and proceeding with the trial, was not a denial of any motion, nor subject to exception.

APPEAL from the Circuit Court for *Kenosha* County.

Replevin. The cause was placed upon the calendar for trial, and, at the April term, an attorney of said court presented and read in open court an affidavit, stating that he had been requested so to do. No other application was made, and the person who presented the affidavit was not the attorney of record. The affidavit purported to be made by one of the plaintiffs, and it stated that affiant had reason to believe, and did believe, that plaintiffs could not have a fair trial in the first judicial circuit on account of the prejudice of the judge thereof. No request for a change of venue was contained in the paper. The action was brought on for trial at the same term; and, the plaintiffs not appearing, judgment was entered by the defendant on a verdict in his favor. A written exception, purporting to be " to the order refusing to change the venue," was filed by plaintiffs May 16, 1877; but no order of that kind was ever made or entered of record. The plaintiffs appealed from the judgment.

The contents of the bill of exceptions are stated in the opinion.

The cause was submitted for the appellant on the brief of *A. D. Thomas.* He argued, that when plaintiffs caused the affidavit to be filed, they were entitled to a change of venue,

Taylor and others vs. Lucas.

under ch. 104, Laws of 1876. The presentation of the affidavit was in fact a motion for such change. The affidavit stated that there was good reason to believe that *the plaintiff's* could not have a fair trial in said circuit, and the attorney must be presumed to have appeared for all of them. It was not an attempt on the part of the plaintiff who made the affidavit, to change the venue without the concurrence of his coplaintiffs. *Wolcott v. Wolcott*, 32 Wis., 63; *Rupp v. Swineford*, 40 id., 28.

Brief for respondent by *J. V. & C. Quarles*, and oral argument by *J. V. Quarles:*

1. The affidavit does not purport to be made on behalf of all the plaintiffs. In the statutes relating to a change of venue for prejudice, the words " any *party* to a civil action " (retained in ch. 104 of 1876) have been repeatedly held to mean " a party plaintiff or defendant, and not one of several parties plaintiff or defendant." One of several plaintiffs cannot change the venue without the concurrence of all. *Rupp v. Swineford*, 40 Wis., 28; *Wolcott v. Wolcott*, 32 id., 63. The statute should be strictly construed. The averment of the affiant is, not that the prejudice of the judge is directed against him, as it should be to follow the statute, but that it is against the plaintiffs, some or all. *Goodno v. Oshkosh*, 31 Wis., 127. 2. No motion or application for a change of venue was made; and without a motion the court is powerless to make an order. R. S., ch. 140, sec. 29; Tay. Stats., 1635, § 11.

RYAN, C. J. " It is not the office of a bill of exceptions to set forth anything which ought otherwise to appear by the record. The office of a bill of exceptions is to put upon record what would not otherwise appear upon it, not to correct it or vary it. So far, and so far only, for that purpose, and for that purpose only, a bill of exceptions becomes itself a part of the record. Any repetition of the record proper, any statement of what ought to appear by the record proper, any quali-

fication of the record proper, is *ultra vires* in a bill of exceptions." *Hogan v. State*, 36 Wis., 226.

Here we have a bill of exceptions incorporating the whole record, and almost nothing else. It purports to contain but a single exception, and that is a written exception appearing of record, *valeat quantum valere potest*. It does not need a bill of exceptions, and gains nothing by one. *Germann v. Schwartz*, 21 Wis., 661; *Gilbank v. Stephenson*, 30 id., 155. If an exception of the kind does not appear in the record proper, a bill of exceptions cannot supply it. So that we really have a bill of exceptions, without exception.

Both parties appeared in the court below by attorney. Issue was joined. When it was upon the calender for trial, a gentleman of the bar, as appears by the bill of exceptions, not an attorney or counsel in the cause, not appearing or claiming to act for either party, but seeming like the *Gow Chrom* " to fight for his own hand," presented to the court a paper purporting to be an affidavit of one of the plaintiffs, to the prejudice of the judge. He made no motion or request, suggested no action, but merely read and filed the paper. It does not appear that he gave any notice of any kind to the other side, or that any one representing the other side was present. So far as the record proper discloses, the court below very properly took no notice of the paper. If the court erred at all in respect of the paper, it was in permitting it to be read or filed. It is indeed stated in the bill of exceptions that the court refused to change the venue. That probably means no more than that the court did not change it. Such a refusal of the court as would be equivalent to an order, or the subject of exception, should appear in the record proper, and cannot be supplied by bill of exceptions. And the paper presented by a stranger and improvidently filed in the cause, on which no application was founded, is an unofficial superfluity, an impertinence, in the record.

Some days later, the plaintiff's attorneys filed a written ex-

ception to "the order of the court denying the plaintiff's ap-plication for change of venue." This is an exception of rec-ord to an order not of record, apparently because the applica-tion indicated had not been made. Such exception is a mere nullity, because there is nothing of record to which it can ap-ply. It is not unlike a written exception of record to the ad-mission of testimony on trial, which would be a nullity. Ex-ceptions to things appearing in the record, must appear of rec-ord. Exceptions to things appearing by bill of exceptions only, must appear in the bill of exceptions. And the one mode of exception cannot be a substitute for the other.

It is not necessary to consider the question whether the affida-vit was sufficient to support a motion to change the venue, be-cause no such motion appears to have been made, and there-fore no order denying it. Upon this appeal, we can only re-view the judgment itself or interlocutory orders involving the merits and affecting the judgment. There is no such or-der to review.

To entitle a party to change of the venue, it is not enough to make an affidavit and read it to the court. An application must be made for the change, upon notice to the other side. *Baldwin v. Marygold*, 2 Wis., 419; *Rines v. Boyd*, 7 id., 155; *Foster v. Bacon*, 9 id., 345; *Runals v. Brown*, 11 id., 185; *Bank v. Tallman*, 15 id., 92; *Risto v. Harris*, 18 id., 400; *Dodge v. Barden*, 33 id., 246; *Moe v. Moe*, 39 id., 308; *Seehawer v. Milwaukee*, id., 409, and many other cases in this court. And a sufficient affidavit, filed and read in open court by the attorney of the party, without proper notice and motion, has no effect to arrest the jurisdiction of the court. The court cannot properly act on such an affidavit in the cause, until it is moved to do so. The affidavit may be made, read and filed, with a view to a future application which may never be made. We do not suppose that it was so intended here; but such a presentation of such an affidavit as appears in this

record, might be a mere impertinence, warranting a proceeding for contempt.

*By the Court.* — The judgment of the court below is affirmed.