## WILCOX vs. BATES and others.

(1-3, 9) RES ADJUDICATA.

(3, 4, 7) TRUSTS. *(3) Liability of cotrustees. (4) Liability of trust estate to trustee on certificates of tax sales thereof purchased by him.*

(5, 6, 8, 9) PRACTICE. *(5) Trial by referee; how objection to evidence saved. (6) Party not estopped by his pleading as to an immaterial issue. (8) Record imports absolute verity, on appeal. How corrected. (9) Costs.*

1. The complaint prayed that defendant's interest in certain real estate might be adjudged a mortgage; that deeds of partition between them might be adjudged void as against plaintiff; that an account might be taken of their advances to plaintiff, and of the rents, issues and profits chargeable to them; and that, upon payment of any balance found due them, they might be adjudged to reconvey to plaintiff. A former opinion and judgment herein (26 Wis., 465) directed that plaintiff "have judgment for the relief demanded in the complaint, conditioned upon the payment of whatever may be due." *Held,* that even if such opinion and judgment were rendered without the court having its attention called to their effect upon the details of the accounting between the parties, no rehearing having been asked, they must control the present appeal so far as they apply.

2. Under such decision, the cause must now be considered as if the deeds in question had never been executed, and no attempt had been made by defendants to sever the trust estate or their administration of it; such estate must be surrendered to plaintiff in entirety, upon payment of what may be due them on the foot of the trust; and they cannot be allowed to account *severally,* each for so much of the property as he held in severalty under the partition, without regard to the aggregate state of the account for the whole trust.

[3. The questions, how far one trustee will generally be held personally liable for the acts and receipts of his cotrustee, and whether, in case of an executory trust to joint trustees, they will be permitted to sever in their accounts, discussed per RYAN, C. J., but not regarded as open in this case.]

4. Trustees in possession are in general chargeable with *actual* receipts only, except upon proof of gross negligence or of fraud in lessening or concealing receipts; and a mere attempt by them to ignore the trust, and deal with the property as their own, is not such a fraud as will charge them beyond actual receipts; nor does it tend to prove, but rather to repel, negligence in the administration of the estate.

5. An objection to evidence on a trial by referee, may be taken advantage of in the circuit court (without excepting to the referee's report) on a motion by the other side to modify the report on a point involving the admissibility of such evidence; and where the party objecting to such evidence excepts to a finding of the court based upon it, this saves the objection on appeal.

6. Defendants are adjudged in this case to have held certain premises as trustees for the plaintiff; and the complaint alleges the value of the use and occupation at a certain sum per annum; while the answer alleges that such value was a certain less sum per annum. *Held*, that the issue was immaterial, and defendants are not estopped from objecting to the rental value as the measure of damages.

7. Certificates of tax sales of trust property, with whatever purpose purchased or held by the trustee, are always taken to be purchased and held for the benefit of the estate; and the trustee can charge the estate only with the amount paid and simple interest thereon, and not with the statutory interest accruing on such certificates by way of penalty.

8. A statement in the record of the court below that counsel entered into a certain stipulation in open court, imports absolute verity while it stands; though this court might, perhaps, take jurisdiction by *mandamus* to the court below, to vacate it.

9. The plaintiff's right to costs in this action is settled (and correctly determined) by the former judgment.

APPEAL from the Circuit Court for *Rock* County.

Action against *Allen C. Bates* and *George Harvey and their wives*, to redeem two hundred acres of land. The complaint charges that *Bates* and *Harvey* acquired the legal title under an arrangement whereby they were to hold it as security for moneys advanced by them to pay plaintiff's debts, and that they had conveyed a portion of said lands to *Mrs. Bates* and *Mrs. Harvey* without any valuable consideration, etc. The judgment demanded (so far as important here) was, in substance, that the conveyances under which *Bates* and *Harvey* claimed, might be adjudged mortgages to secure them for moneys advanced for plaintiff; that the deed of *Harvey and wife* to *Mrs. Bates*, and from *Bates and wife* to *Mrs. Harvey*, might be adjudged void as to plaintiff; that an accounting might be had of all moneys paid by *Bates* and *Harvey*, or either of them, for plaintiff, and the money paid by plaintiff to them or either of them, and the rents, issues and profits chargeable to defendants; and that, on payment by plaintiff to defendants of the balance due on the accounting, they execute conveyances to plaintiff, or that the judgment might have the effect of such conveyances. A judgment dismissing the complaint was reversed on appeal to this court (26 Wis., 465),

and the cause remanded with directions for an accounting between the parties, and that the plaintiff have judgment for the relief demanded in the complaint, conditioned upon the payment by him of whatever might be due from him to defendants.

After the cause was remitted to the circuit court, it was sent to a referee for an accounting. The referee found certain facts, and stated accounts, 1. Between plaintiff on the one side and *Bates* and *Harvey* on the other, considering the latter as owning jointly the claims against plaintiff, and as jointly liable to him for rents and profits of the whole of said lands. 2. Between plaintiff and *Bates* severally. 3. Between plaintiff and *Harvey* severally. In these accounts he allowed interest at *twenty-five* per cent. on certain tax certificates upon said lands, held by defendants. As conclusions of law, the referee reported, in substance, 1. That plaintiff was bound by the division of the land made by *Bates* and *Harvey*, by conveyances to their respective wives; that after such division, *Bates* and *Harvey* were entitled each to a separate accounting with plaintiff of his several claims against plaintiff and said lands, and each held the land conveyed to his wife as a security for his said claims. 2. That on April 1, 1874, *Harvey and wife* were indebted to plaintiff in the sum of $2,664, besides the rent since that period; and they should be adjudged to convey to him the lands of which the legal title was in *Mrs. Harvey*. 3. That *Bates* was entitled to receive from plaintiff $3,205.68, and upon payment to him by plaintiff of that sum on or before a day named, plaintiff would be entitled to a conveyance from *Bates and wife* of the land held by the latter, and to have possession of said land; but until such payment should be made, with interest from such specified day, *Bates* should be allowed to retain possession. Plaintiff took proper exceptions to raise the questions whether *Bates* and *Harvey* were entitled to account severally, and whether they were to be allowed interest at twenty-five per cent. on the tax certificates above mentioned; and he moved to modify the report in those particulars.

Wilcox vs. Bates and others.

Upon the motion to modify, the court filed a finding of facts and conclusions of law. It held that *Bates* and *Harvey* must account *jointly* with the plaintiff for the whole period covered by the transactions in question; that from the time when they took possession of the premises, the rents and profits were worth $3.50 per acre per annum, and they must account therefor at that rate; and that they could be allowed interest on the tax certificates at seven per cent. only. Defendants excepted to the findings on these points; and as to the second point, their exception was put upon the ground that they should not be held "liable in any case for more than they received during the time they occupied the premises." The court also stated an account between the parties on the principles defined in its findings, from which it appeared that *Bates* and *Harvey* were indebted to plaintiff in a considerable sum; and it directed judgment to be entered that they convey to him, etc.

Defendants appealed from the judgment.

For the appellants, there was a brief by *Bennett & Sale*, and oral argument by *Mr. Bennett*.

*A. Hyatt Smith*, for the respondent.

The following opinion was filed in January, 1878:

RYAN, C. J. It is not impossible that when this cause was here before, *Wilcox v. Bates*, 26 Wis., 465, the opinion of the late Mr. Justice PAINE, and the judgment of the court, were too broad. The court may have intended only to hold that a trust was established, and that the respondents in that appeal, the appellants in this, should be held to account for the administration of the trust, without determining the details involved. But the prayer of the complaint is very specific; and the opinion directs judgment "for the relief demanded in the complaint, conditioned upon the payment of whatever may be due;" and the judgment of the court followed the opinion.

It may have been by inadvertence that the court directed the judgment in this form; overlooking the effect upon details. Such a thing might well happen. In cases of the kind, the

mind of the court is often directed, as it appears to have been in this; to the main question on the merits, the general right to maintain the action; and so diverted from details involved in it. And the general judgment pronounced may inadvertently govern details, beyond the intention, because not within the attention, of the court. When that unfortunately happens, the remedy of the party is by motion to rehear the appeal. No rehearing was moved in this case. The court has now lost all power to reconsider or correct the judgment. *Pringle v. Dunn*, 39 Wis., 435; *Pierce v. Kelly*, id., 568. The opinion and judgment on the former appeal are *res adjudicata*, and must rule the present appeal, as far as they apply. *Du Pont v. Davis*, 35 Wis., 631.

The complaint prays that the deeds of partition or division of the trust property between the trustees, the appellants, should be adjudged void as against the respondent. The judgment covers the prayer; and the case must now be considered as if those deeds had never been executed, and the trust had been administered by the appellants without attempt to sever the subject of their trust or their administration of it. And the trust estate must be surrendered to the respondent in entirety, upon payment of what may be due to the appellants on foot of the trust. It would be wholly inconsistent with the judgment on the former appeal, to hold now that each of the trustees might account severally for so much of the trust property as he held in severalty under the partition, without regard to the several account of his cotrustee for what he took in severalty, or to the aggregate state of the account of the whole trust of the entire estate.

A trust rarely or never makes trustees partners. And it may be difficult, perhaps, to understand now the precise sense in which the former opinion declares the appellants partners in the trust. Be that as it may, the complaint prays that their interest in the estate may be adjudged a mortgage to secure their advances; that an account may be taken of those, and of the rents, issues and profits chargeable to the appellants, and that, upon payment of any balance found due to them, they

may be adjudged to reconvey. This prayer is plainly for a joint account, upon a joint claim and a joint liability of the trustees; and for a reconveyance of the whole trust estate, by the trustees jointly, upon payment of any balance due to them jointly, without regard to the state of their several accounts with several parts of the estate, or of the account as between themselves. It clearly excludes separate accounts with each of the trustees, or on foot of several parts of the trust estate. This appears to subject them, as against the respondent, to the liability of partners, each responsible for the other. And it is impossible now to say that it was not in this view that the former opinion calls them partners.

Such a personal liability certainly exceeds that to which co-trustees are generally held. The general rule, subject to many exceptions, is that trustees are not liable for the acts and receipts of cotrustees. 1 Perry on Trusts, §§ 415, 423; Story's Eq., §§ 1280–1284. Whether there is evidence here to bring the personal liability of the appellants within the exceptions to the rule, as argued by the learned counsel for the respondent, we need not stop to inquire. The rule that one trustee is not responsible for the acts and receipts of his cotrustee, is generally to be understood as confined to personal liability to the *cestui que trust*. No case was cited to us, and we recall none, of an executory trust like this to joint trustees, where the trustees were permitted to sever in their accounts, so as to charge the trust estate with a balance due to one, unaffected by a balance due from his cotrustee, on foot of the joint trust. The rule applicable to personal liability would apply with very doubtful propriety to such a case, in favor of a trustee who suffered a balance to accumulate in his own favor, by suffering a balance to accumulate against his cotrustee, in the administration of the trust estate. The trust is joint, and though one trustee ought not always to be personally responsible for the receipts of his cotrustee, yet it would work great hardship if one could hold the trust estate for a debt due to him accruing in whole or in part by the default of his co-

trustee, in the joint execution of the trust. We say joint, because the judgment avoiding the partition of the trust estate restores the joint nature of the trust, and charges the appellants with its joint execution throughout. If one of the appellants suffered the other, his cotrustee, to become indebted to the trust estate, while it was becoming indebted to himself, we find it difficult to understand on what equitable principle we could hold him entitled to a several lien for his debt, which a faithful administration of the trust by both trustees would have prevented. That would not only excuse the trustee for his neglect of the trust, but would indemnify him against personal loss arising from it, at the expense of the trust estate. It is in vain for the appellant, *Bates*, to excuse himself, and to rest his claim upon the ground that the administration of the trust was several by each trustee, as to several parts of the estate. The partition is no longer in the case, and his relation to the trust estate must now be determined without reference to it, and as if it had never been made.

We have not considered this aspect of the case with the care which it would require if the question were an open one here; and we need not pursue it. It is enough for the present appeal that the former judgment clearly holds the appellants jointly liable, each for the acts and receipts of his cotrustee; clearly provides for a joint account; and clearly entitles the respondent to the trust estate upon payment of whatever balance may be due to the appellants jointly, without regard to the particular state of their several accounts.

The prayer, and the judgment following the prayer, require the appellants to account for the rents, issues and profits of the estate justly chargeable to them. The terms used would *prima facie* almost exclude rental value, as distinguished from actual receipts. *Leeds v. Powell*, 1 Ves. Sen., 171. And the general rule is, that trustees in possession are chargeable with their actual receipts only, not "with imaginary values," as Lord Keeper NORTH says, except upon proof of fraud or negligence, "very supine negligence," as the Lord Keeper defines

it, followed by Chancellor KENT. *Palmer v. Jones*, 1 Vernon, 144; *Pybus v. Smith*, 1 Ves., 189; *Osgood v. Franklin*, 2 Johns. Ch., 1; *S. C.*, 14 Johns., 527.

Our attention was called to no evidence in the case, and we have discovered none, tending to show either such fraud or such negligence as would charge the appellants with imaginary values, estimates of value, beyond their actual receipts. On the contrary, for a long part of the time covered by the trust, they appear to have ignored the trust and to have dealt with the estate as their own. This goes to repel negligence in its administration. And the only fraud imputed to them, to charge them beyond their actual receipts, is the fraud of ignoring the trust. But the fraud which would charge them with imaginary values must be fraud bearing on the profits of the estate; fraud in lessening or concealing actual receipts. If a trustee by mistake or fraud deny his trust, and deal with the estate as his own, the fact bears only upon the general right of the *cestui que trust*, and its tendency is in favor of the care and productiveness of the estate.

Upon the evidence before us, we cannot hold that the appellants were chargeable beyond their actual receipts. As far as they can be ascertained, and in the absence of gross negligence or fraud bearing directly on the productiveness of the estate, we hold that the account should charge them with actual receipts only, that is, the actual receipts of both.

If one purchase certificates of tax sale against an estate and hold them adversely, he is entitled, as against the estate and its owner, to the rate of interest which such certificates draw by statute. But a trustee can neither purchase nor hold them adversely. Certificates of tax sale in the hands of a trustee, with whatever purpose purchased or held, are always taken as purchased and held for the benefit of the estate. Except in special circumstances, the purchase of certificates of tax sale by a trustee will operate, like their purchase by the absolute owner, as a redemption of the land from the tax sale. In special cases, perhaps, the trustee might keep them alive to protect the estate, and even take title under them subject to the

trust. But in any case, the trustee expends the purchase money for the benefit of the estate, and can charge the estate only with the amount paid, and simple interest upon it. He cannot hold the certificates against his own trust, so as to charge the estate with the statutory interest accruing on them by way of penalty. That would be inconsistent with his duty as trustee, and with his instant right to charge the estate with the purchase money. Here the certificates appear to have been purchased upon an understanding between the trustee and the *cestui que trust*, and for the benefit of the latter. And the trustee can no more be tolerated in charging his *cestui que trust* with the twenty-five per cent. per annum interest allowed on such certificates, than he could have been in taking title under them adverse to his trust.

We are inclined to think that the weight of evidence is, that the respondent himself paid the note of $150 on which the appellants made a point. At all events, there is no such preponderance the other way as would warrant us in reversing the finding of the court below. Indeed, we are not sure that the question is not foreclosed by the former judgment.

A curious ground of error is assigned, that a stipulation of counsel in open court, and entered of record, was not made in fact. Possibly, in such a case, we might take jurisdiction by *mandamus* to the court below to vacate the entry. But upon appeal we can listen to no suggestion, accept no proof, that such an entry is untrue. While it stands, it imports absolute verity. *Germann v. Schwartz*, 21 Wis., 661.

The question of costs in the action appears to have been settled by the former judgment. If it were to be settled anew, we would again affirm the respondent's right to them.

We have reviewed all the grounds of error assigned; overruling all, except the principle on which the account of the rents, issues and profits of the real estate was taken. On that ground only we reverse the judgment.

A rehearing having been granted, the cause was reargued, at the August term, 1878, by *J. R. Bennett* for the appellant, and submitted for the respondent.

COLE, J. A rehearing was granted in this case solely upon the point on which the judgment was reversed, as stated in the former opinion. It appeared that the defendants were charged in the accounting with the rental value of the premises as distinguished from actual receipts. We thought that was stating the account upon a wrong principle or basis, in view of the evidence. The chief justice says the general rule is, that trustees in possession are chargeable with the actual receipts only, except upon proof of fraud or negligence on their part; and that this rule was applicable to the facts as established by the evidence. The respondent's counsel, in moving for a rehearing, did not combat the correctness of this rule of law, but he claimed that the defendants were in no position to have the benefit of it. In other words, he insisted that the defendants had not, by a proper exception, raised the question that they were only chargeable with actual receipts and not for the rental value. Consequently, while we were entirely satisfied as to the rule for stating the account, yet, as the record was quite voluminous, we could not undertake the labor of examining the manuscript case to ascertain whether the defendants had saved the question by a proper exception. The reärgument has convinced us that they have.

The cause was tried before a referee, who took testimony under objection, and made a finding, as to the rental value of the premises, and charged the defendants therewith in the account. The defendants filed no exceptions to the report of the referee. The plaintiff, however, did except to such report on the ground that the finding as to rental value was too low. The circuit court modified or set aside the report of the referee in that particular, and made a finding increasing the rental value with which the defendants were charged in the account. The defendants did except to this finding of the circuit court increasing the amount of the rental value with which they were charged. Such being the attitude of the case, the question is, whether the defendants are in a position now to insist that they are chargeable only with the rent which they actually received, or are concluded on that question because they did

not file exceptions to the report of the referee. As we have stated, on the trial before the referee the defendants objected to questions asked witnesses on the part of the plaintiff inquiring as to the value of the use and occupation of the premises. The referee overruled these objections, admitted the testimony, and found upon it. It is true, the objections taken to this testimony before the referee were general, but they indicated unmistakably the position or claim of defendants that this was not the measure of their liability, and that they were not justly chargeable with the rental value, but only for actual receipts. And on the hearing before the circuit court, the defendants could avail themselves of their objection to that kind of testimony which had been taken before the referee, without any further exception. They might have insisted in the circuit court, on the motion of the plaintiff to modify the report as to the rental value, that the referee had improperly admitted the testimony upon that subject against their objection. This they could do though they had failed to file exceptions to the report of the referee. For surely we do not suppose a party, after having once fairly raised a question on the record by his objection, is bound to go on and object indefinitely in order to have the benefit of his exception.

Nor do we think there is anything in *Pettigrew v. The Village of Evansville,* 25 Wis., 223, or *Yates v. Shepardson,* 39 id., 174, to which we were referred by plaintiff's counsel, in conflict with these views. The questions of practice considered in those cases arose upon a state of facts so dissimilar to the case at bar as to render the decisions of little application. In the former case, the circuit court found in favor of the plaintiff upon the facts, but against him as to the law, and gave judgment for the defendants. On appeal by the plaintiff, this court held that the only questions presented were upon his exceptions, which for the most part were to the conclusions of law on the facts found, and that the evidence was not before us for review. In *Yates v. Shepardson,* the report of the referee before whom the case was tried was held final as to any fact found by him to which no exception was taken. But

it does not appear that in either of these cases the court had occasion to consider whether an objection to testimony on the trial before the referee could or could not be taken advantage of in the circuit court on a motion by the other side to modify the report on a point involving the question of the admissibility of such testimony, and where an exception was taken to the finding of the court based on that very testimony. That is the question presented here. We therefore think the defendants have saved the question by their objection to the testimony before the referee, and by the exception which they took to the finding of the circuit court upon the subject.

Again, it is said the defendants are estopped from raising the question that the rental value is not the true rule for stating the account, by the issue in the pleadings. The plaintiff alleged in the complaint that the use and occupation of the premises for the time the defendants had occupied and held possession of them, was worth the sum of $4.00 per acre per annum. To this allegation the defendants answered denying that the use of the premises during the time that they occupied them was worth the sum of $4.00 per acre per annum, and averred that the use thereof was not worth, during the said period, to exceed the sum of $1.50 per acre per annum. In reference to this issue we remark that it does not appear that the actual rent received by the defendants would amount to more than $1.50 per acre per annum. But the better answer to the argument is, that the issue tendered and accepted was an immaterial one, which does not conclude the defendants from insisting upon the proper rule for the accounting.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for further proceedings in conformity with the opinions of this court upon the former and upon this appeal.

Lyon, J., took no part.