BOUTIN and another vs. GROW.

TRIAL BY REFEREE: BILL OF EXCEPTIONS. *How to procure review here of referee's findings.*

1. Where the testimony taken before a referee for trial, though included in the return to this court on appeal, is not embodied in a bill of exceptions, the referee's findings of fact cannot be reviewed here.

2. A document in the record on appeal, purporting to be a bill of exceptions, and signed by the proper circuit judge, but which contains nothing that is not matter of record without it, is of no significance; and a statement prefacing such a document, that, on the trial before the referee, "no evidence was introduced" to show certain facts, cannot be considered by this court for the purpose of reviewing the referee's findings.

APPEAL from the Circuit Court for *Ashland* County.

The complaint contains two counts, but the plaintiffs recovered on the first count alone, which is as follows:

"1. That the defendant . . . is indebted to the said plaintiffs on an account for goods sold and delivered by the said plaintiffs to the said defendant, in the sum of five hundred and ninety-two dollars and sixty-one cents, with interest thereon from March 11, 1876, as will more fully appear by the said account hereto annexed, and made a part of this complaint, marked A."

The account A contains numerous items of debit and credit, the balance being the sum claimed in the count. The first charge in the account is "July 4, 1874. To balance on settlement, $216.98." The defendant answered a general denial, and interposed a counterclaim for $2,691.25, "for goods and chattels sold and delivered by the defendant to the plaintiffs at their request, and labor and services performed by the defendant for the plaintiffs at their request, between May 1, 1873, and April 1, 1876." The plaintiffs replied to the counterclaim, denying the same, "except so far as it corresponds to and agrees with the credits admitted and set forth in the account annexed to the complaint." The reply was afterwards amended by adding thereto an account marked

C, which was expressly made a part of the pleading, which account contained the items of the account, debits and credits, the balance of which was specified in the first item of the account annexed to the complaint.

The cause was referred, to be tried and determined by the referee. On the trial, the defendant withdrew his denial, and admitted the facts alleged in the above first cause of action. The findings of fact, as to that cause of action and the counterclaim, are as follows:

" 1. That the plaintiffs are partners döing business under' the firm name of *N. & F. Boutin;* that the defendant admits¹ the facts alleged in the first cause of action set forth in the complaint, and withdrew his answer of general denial thereto; that the particular items of goods, chattels and other articles sold, paid and delivered by the said plaintiffs to the said defendant, constituting the first cause of action, are set forth in account A, attached to the complaint and a part of the same, and in account C, attached to the amendment to the plaintiff's reply to the answer of the defendant, and a part of the same; that the total value of said goods and other things so furnished, paid and delivered by said plaintiffs to said defendant, particularly set forth in said statements of account, A and C, is $3,129.09; and that the said plaintiffs sold, paid and delivered to the said defendant the said goods and other things in said accounts A and C set forth, at the time and times therein stated, and at the prices therein set forth, and of the total value of $3,129.09, before stated.

" 2d. That said defendant sold and delivered to the plaintiffs the articles, goods and chattels in his answer set forth, and rendered the services, work and labor in his said answer stated, and that the said goods and chattels so sold and delivered, and the services, work and labor so rendered, amount in value to $2,691.25; and that the said amount is in place of and includes all credits allowed to the said defendant by the

plaintiffs in their said statements of account, A and C, with him."

The referee also found for the plaintiffs on the other cause of action stated in the complaint; but this finding was stricken out by the court on a motion to modify the report. The defendant claimed on such motion, that he was entitled to judgment for the difference between $2,691.25, the amount of his counterclaim as found by the referee, and $592.61, the amount claimed by the plaintiffs and admitted by him to be due them. The court rejected this claim, after having permitted the plaintiffs to file an amended complaint, in which they allege an indebtedness of the defendant to them of $3,129.09, and admitted the defendant's counterclaim of $2,691.25, as set forth in said accounts A and C, and as found by the referee. Judgment for the plaintiffs was afterwards rendered for $437.84, the balance found due them by the referee.

The defendant appealed from the judgment.

*J. J. Miles*, for the appellant.

The cause was submitted for the respondent on the brief of *John H. Knight.*

LYON, J. It is claimed by the defendant, that his admission of the first cause of action merely admits his indebtedness to the plaintiffs in the sum of $592.61 irrespective of his counterclaim, and that there was no evidence to show that sum to be the balance against him after allowing his counterclaim. Hence it is claimed that, in making up the judgment, the defendant should be allowed the amount of his counterclaim as found by the referee, and charged with $592.61 only. This would result in a judgment for the defendant for over $2,000.

We cannot adopt these views. We find, in the return to the appeal, what purports to be the testimony taken before the referee; but the same has not been incorporated in a bill of

exceptions. Because it has not, such testimony is not before us, and we cannot review the referee's findings of fact. This is well settled. *Gilbank v. Stephenson*, 30 Wis., 155; *Dougherty v. The North Wis. Railway Co.*, 36 id., 402; *Hills v. Seeley*, 37 id., 246; *McDonnell v. Schricker*, 44 id., 327.

The record contains a document signed by the circuit judge, purporting to be a bill of exceptions; but it contains nothing which is not a matter of record without it. There is nothing in it which properly belongs in a bill of exceptions, and hence it has no significance on this appeal. *Taylor v. Lucas*, 43 Wis., 155. True, this document is prefaced with a statement that no evidence was introduced " to show that the plaintiffs sold the defendants the goods and paid him the money specified in accounts A and C." But this court cannot be bound by any such statement. It might be convenient if we could take the opinion of the circuit judge on the quality and effect of the testimony before the referee, as final; but the law does not permit us to do so. We must have the evidence before us, or we cannot disturb the findings of fact. Hence, if such findings are not admitted by the pleadings, we must presume that they are supported by the proofs.

I am free to say that I think the accounts A and C are substantially included in the statement of the first cause of action, and stand admitted of record by the defendant; but my brethren prefer to rest the judgment on the ground above considered.

The complaint was properly amended to correspond with the findings of fact, and such findings support the judgment. Having no record before us which authorizes us to review those findings, the judgment of the circuit court must necessarily be affirmed.

*By the Court.* — Judgment affirmed.