In the Matter of the Guardianship of Lara E. Thurston.

IN THE MATTER OF THE GUARDIANSHIP OF LARA E. THURSTON.

*January 31 — February 20, 1883.*

GUARDIAN AND WARD. *(1–3) When guardian chargeable with interest on funds not invested: method of computation. (4) Error in account in favor of ward, disregarded.*

1. Only in cases of fraud or flagrant breach of trust will a guardian be charged with compound interest on money of his ward in his hands. But if, even without fraud or wilful disregard of duty, he fails to invest such moneys when he should do so, he will be charged with simple interest at the legal rate.

2. Whether, in such case, the guardian should be charged with interest from the time he receives the moneys, or only after the expiration of a certain time (as six months) in which to make the investment, and whether, for the purpose of computing interest, the expense of the maintenance of the ward for each year should be deducted *at the commencement of the year* from the amount of the estate in the hands of the guardian, are matters resting in the sound discretion of the court.

3. Where the expenditures for maintenance of the ward exceeded in each year the interest on the moneys in the guardian's hands, annual rests should be made in the computation of interest and deduction of such expenditures during the period of such maintenance, and the guardian should be charged with simple interest on the balance in his hands when he ceased to maintain the ward, to the date of the accounting.

4. Under the circumstances of this case (including an overcharge in the guardian's accounts, evincing an entire disregard of the rights of the ward) an error in the statement of the account by the court below, amounting to $11.35 in favor of the ward, is disregarded on an appeal by the guardian.

APPEAL from the Circuit Court for *La Crosse* County. The appellant, *H. C. Heath*, was the guardian of Lara E. Thurston, a minor. On the petition of his ward, his appointment as such guardian was revoked by the county court, and he afterwards rendered to that court his final account of his guardianship. The county court found in his hands, $594.23 of the moneys of his ward, and on September 17,

1880, adjudged that he pay over that amount to his successor, *John Mather*, who had theretofore been duly appointed guardian of such minor. The appellant appealed from such judgment to the circuit court. The appeal was duly heard in that court, and the hearing resulted in the following findings of fact:

"1. That said *H. C. Heath* received into his hands on the 17th day of March, A. D. 1870, as such guardian and belonging to said minor, the sum of $1,454.84, and has ever since retained said sum in his hands, with the exception of such part thereof as he has expended for the support, maintenance, and education of said minor. 2. That said *H. C. Heath*, guardian, boarded said minor from the 1st day of March, 1870, to the 15th day of June, A. D. 1873, and that said board was reasonably worth the sum of four dollars per week. 3. That said *H. C. Heath*, guardian, has also expended for said minor, for clothing, school-books, and for necessary miscellaneous purposes, between the 1st day of March, 1870, and the 5th day of February, 1880, at the times and for the purposes stated in the following account, the sum of $285.07. 4. That in restating said guardian's account, as required by law, the same should be made with semi-annual rests; that is to say, interest should be computed for six months from the 17th day of March, 1870, on said sum of $1,454.84, and added thereto, and the expenses incurred on account of said minor, including board, deducted therefrom, and that said process of computation should be continued to the present time."

Then follows a statement of the account on the above basis, showing the sum of $684.35 in the hands of the appellant on August 26, 1881.

The conclusion of law is as follows: "And as conclusion of law I do find that the proper and legal method of restating the guardian account of said *H. C. Heath* is the method above observed, with semi-annual rests, adding ac-

In the Matter of the Guardianship of Lara E. Thurston.

crued interest to the principal every six months, and at the same time deducting expenses for the current six months, as has been done in the foregoing restatement of said guardian account, and that said account has been correctly and lawfully restated, and that said *H. C. Heath* had in his hands as such guardian, on the 26th day of August, 1881, when this matter was tried and determined by me, the sum of $684.35, belonging to said minor, Lara E. Thurston, and that said *H. C. Heath,* guardian, should be required, by the order and judgment of the court, to forthwith pay said sum of $684.35 to *John Mather, Esq.,* of the city of La Crosse in said county, the guardian of said minor, Lara E. Thurston, duly appointed as such by the county court of said county of La Crosse to succeed and replace said *H. C. Heath,* together with interest on said sum of $684.35 from the 26th day of August, 1881, and the costs of this proceeding."

Judgment was entered in accordance with such conclusion of law, against the said *Heath,* for that sum and costs, from which judgment he appealed to this court.

For the appellant there was a brief by *Stogdill & Daniels,* and oral argument by *Mr. Daniels:*

1. The guardian was excused from investing the money, because the annual expenses of the ward would largely exceed the income which could be derived, and consequently the principal must be diminished each year to an extent which could not be foreseen. Circumstances may require a guardian, in the exercise of sound discretion, to refrain from making investments. *De Peyster v. Clarkson,* 2 Wend., 77. And he should be held for interest not actually received only when the failure to invest has been unreasonable. *Gott v. Culp,* 45 Mich., 265. 2. A guardian will be allowed a reasonable time to make the investment before he will be chargeable with interest, and courts have generally settled upon six months as being that reasonable time. Dayton on Surrogates (2d ed.), 632; *White v. Parker,* 8 Barb., 48; *De Pey-*

In the Matter of the Guardianship of Lara E. Thurston.

*ster v. Clarkson*, 2 Wend., 77; *Bond v. Lockwood*, 33 Ill., 221; *Dunscomb v. Dunscomb*, 1 Johns. Ch., 508. 3. If the guardian had invested the entire fund when it came into his hands at interest payable annually, he would have had nothing with which to pay for the support and education of the ward during the first year, and so on for each successive year. In stating the account, therefore, the expenses of the first year should have been deducted in advance, and interest, if allowed at all, should have been computed only on the balance, and so on during each year that expenditures were made. *Gott v. Culp, . supra.* 4. The guardian should have been charged with simple interest only. *Utica Ins. Co. v. Lynch*, 11 Paige, 520; *Wright v. Wright*, 2 McCord Ch., 185; 3 Redf. on Wills (3d ed.), 292, note; *English v. Harvey*, 2 Rawle, 309; *McCall's Case*, 1 Ashmead, 357. *Raphael v. Boehm*, 11 Vesey, 92; 13 id., 407; and *Schieffelin v. Stewart*, 1 Johns. Ch., 620, were cases of breach of trust or gross neglect of duty.

*Benj. F. Bryant*, for the respondent, cited: *De Peyster v. Clarkson*, 2 Wend., 77; *Schieffelin v. Stewart*, 1 Johns. Ch., 620; *King v. Talbot*, 40 N. Y., 76; *Adair v. Brimmer*, 74 id., 539; *Boynton v. Dyer*, 18 Pick., 1; *Miller v. Congdon*, 14 Gray, 114; *Bond v. Lockwood*, 33 Ill., 216.

LYON, J. The only question presented by this appeal is, Did the circuit court adopt the proper rule in stating the account of the appellant, the late guardian, and ascertaining the sum for which he is chargeable? The respondent, the present guardian of the minor, maintains that the proper rule was adopted; while the appellant claims that, if any interest is allowed, it should be simple interest only, and that it was error to compound the interest by making semi-annual rests in the account. The question in issue was very ably argued by the respective counsel, who cited and commented upon numerous adjudicated cases bearing upon it. The re-

sult of all the authorities seems to be that only in cases of fraud or flagrant breach of trust should the guardian be charged with compound interest. But if he fails to invest the trust fund in his hands so as to derive an income from it when he should have done so, he should be charged with simple interest at the legal rate, although such failure may not have been the result of any fraudulent intent or wilful disregard of his duty. These are believed to be just and salutary rules, and we do not hesitate to adopt them as the law of this case and other cases like it. The testimony taken on the accounting has not been preserved in the record. Hence all we can properly know of the facts is what is contained in the findings or shown by the record. There is no finding that the late guardian was guilty of any actual fraud, or any flagrant or wilful breach of duty in respect to the trust funds. It is only found that he retained the estate of his ward in his own hands. Hence on the finding alone it would seem that this is not a case in which the guardian should be compelled to pay compound interest on the fund, but that it is a case in which he should be charged with simple interest thereon.

There are cases which hold that the computation of interest should not commence until a reasonable time has elapsed after the trustee receives the fund, to enable him to invest it properly. Many of the cases name six months as such reasonable time. This is not an absolute, unvarying rule. There may be considerations which render it inapplicable to a given case. We think there are such considerations in this case. The fund might have been invested by the guardian at once in government securities, and, if no better investment offered, he should have so invested it. Moreover, the court allowed the guardian, in addition to actual disbursements, four dollars per week for the board of his ward for over five years. The record shows that the ward was about eight years of age when such maintenance commenced.

In the Matter of the Guardianship of Lara E. Thurston.

Considering the age of the ward and the limited value of his estate, we think the allowance very liberal to the guardian. This may well have been one of the reasons which induced the circuit judge to charge interest from the date of the receipt of the fund by the guardian; but, however that may be, the matter rested in the sound discretion of that court, and in the absence of a bill of exceptions containing the testimony we cannot say that such discretion was erroneously exercised.

The same observations are applicable to the claim that, for the purpose of computing interest, the expense of maintenance for each year should have been deducted in advance at the commencement of the year from the amount of the estate in the hands of the guardian. On that basis the guardian would have been paid in advance each year for the maintenance of his ward. We find nothing in the case which required the court to adopt so liberal a rule in favor of the guardian.

It only remains to consider whether the erroneous rule of compounding interest adopted by the circuit court has resulted in any substantial injury to the appellant. The semi-annual rests during the period the appellant maintained his ward was favorable to the appellant. For the purpose of deducting the sums allowed for the maintenance of the ward, the rests and deductions should have been made annually; and on the balance remaining in the hands of the appellant when he ceased to maintain the ward, which was June 15, 1875, simple interest should have been computed to the date of the findings and judgment, August 26, 1881. That is the rule for computing simple interest, for the expenditures in each year exceeded the interest. Computing the interest on the above basis, we find in the hands of the guardian, August 26, 1881, $673 — only $11.35 less than the amount found by the circuit court, for which judgment was rendered.

In determining the effect of this excess on the judgment,

it is proper to refer to a fact disclosed in the record. In September, 1874, the appellant presented to the county court a sworn account of his charges against the estate of his ward, amounting to $1,678.65. This account covers a period of four and one half years, and makes the cost of maintaining his ward during that period more than one dollar per day. Considering the age of the ward and the very limited value of his estate, that this was an enormous overcharge, evincing an entire disregard of the rights of the ward, admits of no question or doubt. With this fact in the case, and in view of the very liberal allowance to the appellant for the board of his ward,— an allowance which, in our opinion, is considerably too large,— while we do not charge the appellant with compound interest, we cannot reverse the judgment because it is a few dollars in excess of what it would be had simple interest only. been computed on the fund. Under all of the circumstances of the case, we do not hesitate to dispose of this trifling excess by applying to it the maxim *de minimis non curat lex.*

*By the Court.*— The judgment of the circuit court is affirmed.