TAYLOR and others, Appellants, vs. HILL, imp., Respondent.

*April 16 — May 1, 1894.*

*Guardian and ward: Liability for interest: Appeal by one party:* Res adjudicata: *Subsequent appeal by other party.*

1. A guardian who, on receiving his wards' money, turned it over to their mother under the mistaken idea that it belonged to her, is chargeable with simple interest thereon after the expiration of a reasonable time from his receipt thereof.

2. The affirmance, on a guardian's appeal, of a judgment charging him with the principal sum only of moneys which came to his hands, does not necessarily render the whole judgment *res adjudicata,* and it may afterwards be held, on an appeal by the wards, that he should be charged also with interest on such moneys.

APPEAL from the Circuit Court for *Dane* County.

Guardian's accounting. The case was before this court on the appeal of *Hill* on a former occasion. *Taylor v. Hill,* 86 Wis. 99. The facts were fully stated upon that appeal, and need not be restated here. The court then affirmed a judgment holding *Hill* liable to account to the plaintiffs for the principal of certain moneys received by him as guardian of the plaintiffs, September 2, 1870. No interest was allowed by the circuit court upon these funds, except interest from July 1, 1891, when the petition for accounting was filed. The question as to *Hill's* liability to pay interest on the funds from the time of their receipt was not raised nor discussed on that appeal, the decision below being in his favor on that question. The present appeal was taken by the plaintiffs after *Hill's* appeal had been perfected, and the error alleged is the refusal of the trial court to charge *Hill* with interest from the time he received his wards' funds, or from a reasonable time after such receipt.

For the appellants there was a brief by *Erdall & Swansen,* and oral argument by *J. L. Erdall.* They contended,

Taylor and others vs. Hill.

*inter alia,* that the defendant was grossly negligent, and therefore liable for all loss sustained by reason of such negligence.   *Clodfelter v. Bost,* 70 N. C. 733; *Culp v. Stanford,* 112 id. 664; *Boaz v. Milliken,* 83 Ky. 634; *Scott v. Carruth,* 9 Yerg. 418.   Although the defendant's failure to invest the money was not the result of any fraudulent intent or wilful disregard of duty, and although he had not used the money, he was, nevertheless, liable for interest on it from a reasonable time after its receipt.   *King v. Talbot,* 40 N. Y. 76; *De Peyster v. Clarkson,* 2 Wend. 77, 87; *Schieffelin v. Stewart,* 1 Johns. Ch. 618; *Lent v. Howard,* 89 N. Y. 169, 180; *Armstrong v. Miller,* 6 Ohio, 118, 124; *Boynton v. Dyer,* 18 Pick. 1; *Bond v. Lockwood,* 33 Ill. 212; *Wilson v. Lineberger,* 88 N. C. 416, 431; *Estate of Widdoes,* 17 Phila. 477; *In re Cardwell,* 55 Cal. 137; *Dissenger's Case,* 39 N. J. Eq. 227; *Smith v. Gummere,* id. 27; *Colburn v. Arnold,* 47 Ind. 310, 316; 2 Kent's Comm. (13th ed.), 231, and cases cited in notes; Schouler, Dom. Rel. (4th ed.), secs. 353, 354; 9 Am. & Eng. Ency. of Law, 119; *In re Thurston,* 57 Wis. 107; *Olsen v. Thompson,* 77 id. 666.

For the respondent there was a brief by *F. J. & C. F. Lamb,* and oral argument by *C. F. Lamb.*   They contended, among other things, that when money is paid and received in *common mistake,* interest is not recoverable, when there is no *fraud* or *bad faith,* until demand made.   *Simons v. Walter,* 1 McCord, Law, 97; *King v. Diehl,* 9 Serg. & R. 409; *Easton Bank v. Comm.* 10 Pa. St. 442–453; *Porter v. Comm.* 17 id. 14; *Grim's Appeal,* 147 id. 190; *Van Gordon v. Ormsby,* 60 Iowa, 510.   And as applied to trustees: *Saltmarsh v. Barrett,* 31 Beav. 349; *Jacobs v. Adams,* 1 Dal. (Pa.) 52; *Ashhurst v. Potter,* 29 N. J. Eq. 625, 648; *Sparhawk v. Buell,* 9 Vt. 42; 3 Redf. Wills, 545, sec. 4; 2 Lewin, Trusts, *349.   Want of ordinary diligence or prudence will not negative the *bona fides* of the mistake or its conse-

quences. *Lawrence v. Am. Nat. Bank*, 54 N. Y. 432; *Devine v. Edwards*, 87 Ill. 177; *Lyle v. Shinnebarger*, 17 Mo. App. 66, 74; *Kelly v. Solari*, 9 Mees. & W. 54; *Guild v. Balridge*, 2 Swan, 295; *Indianapolis v. McAvoy*, 86 Ind. 587, 589; *Worley v. Moore*, 97 id. 15, 17; *Ingalls v. Miller*, 121 id. 188, 191. The defendant appealed from the whole judgment and every part thereof, and an affirmance of the judgment without qualification rendered the question appealed from by the plaintiffs *res adjudicata*. *Downer v. Cross*, 2 Wis. 371, 381; *Wilcox v. Bates*, 45 id. 138; *Mills v. Evansville Seminary*, 52 id. 669.

WINSLOW, J. The guardian here was not guilty of actual fraud or intentional misconduct. He was simply guilty of neglect of duty. He turned over the moneys of his wards to their mother immediately upon receiving them, under the mistaken idea that they belonged to the mother. The question is, Should he be charged with interest upon the funds? The rule that it is the duty of a guardian to invest the funds of his ward so that interest may be derived therefrom is as old as the common law itself, and needs no citation of authorities. That he must be charged with interest if he fails within a reasonable time to invest his wards' funds is also a well-established principle. If such failure to invest results from fraud or wilful breach of duty, the guardian will be charged with compound interest. If, however, there be simple neglect of duty, without fraud or intentional misconduct, he will be charged with simple interest. These rules were recognized and applied in *In re Thurston*, 57 Wis. 104. See, also, *Olsen v. Thompson*, 77 Wis. 666. The rule is one of the most important and salutary rules of the law in the administration of trusts. This case was plainly one of neglect of duty. The guardian had the funds in his hands. It was his duty and within his power to keep them and safely invest them. He volun-

tarily put them out of his hands. His mistaken supposition that they belonged to Mrs. Paine can be no legal excuse for this neglect of his duty. The very mistake which he claims should excuse him arose from his neglect in not informing himself in a matter in which it was his duty to inform himself. To say that such a mistake should excuse him from liability to pay interest would be to say that neglect of duty should excuse him. It was not a case of mutual mistake *inter partes*. The wards knew nothing whatever about the matter until long after they arrived at majority. The guardian, therefore, must be charged with simple interest upon the funds in his hands after the expiration of a reasonable time from his receipt of the funds. This reasonable time is generally held to be six months after their receipt, and that seems entirely reasonable in the present case.

It was urged that because, upon the appeal of *Hill*, the judgment below was affirmed without qualification, the whole judgment has become *res adjudicata* and cannot be touched upon this appeal; and *Wilcox v. Bates*, 45 Wis. 138, and *Mills v. Evansville Seminary*, 52 Wis. 669, are relied on. These cases simply hold that the questions actually decided or necessarily included within the questions decided upon one appeal cannot be reopened upon any subsequent appeal in that case. The question here presented was not presented, argued, or decided upon the appeal of *Hill*. In that appeal it was simply held that *Hill* should account for the principal in his hands, and nothing was said or decided as to his liability for interest. On this point the judgment below was in his favor. He was not aggrieved thereby, but the present appellants were aggrieved. The present appellants had the right to appeal from the judgment within two years from the date of the entry of the judgment, and we do not perceive how that right is to be rendered worthless by an appeal by the other side, which

brought up for decision a different question. The question decided upon the former appeal did not include or involve in any degree the question presented on this appeal. In this case the present appellants made an earnest endeavor to have both appeals heard together at the last term of this court, but were met by the objection by the present respondent that this appeal was not perfected in time to allow it to be put upon that calendar. The point was technically well taken, and consequently the first appeal was heard at the August term, 1893, and this appeal was necessarily postponed until the present term. No suggestion was then made that the present appeal would be in any wise affected by the decision of the first appeal, nor do we think that it was, as to the single point raised on this appeal.

*By the Court.*— Judgment affirmed, except that part thereof which allows interest from July 1, 1891, which is reversed, with costs; and the cause is remanded with directions to modify the judgment according to this opinion.