IN RE GUARDIANSHIP OF KUESCHEL: WEISNICHT, Guardian, and another, Appellants, vs. KUESCHEL and another, Respondents.

*May 17—June 15, 1945.*

254

For the appellants there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

For the respondents there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

FRITZ, J.   There is no need to restate the facts noted in the opinion on the former appeal in relation to either the transactions of and accounts filed by Margaret Kueschel Weisnicht, as guardian of her sons, Fritzie and Wilfred Kueschel; or the administration in probate of the estate of her deceased husband, Alfred Kueschel, and the distribution and assignment by the final judgment therein to her and the sons of their respective shares and interest in the property of the estate; or the subsequent sale and conveyance to her, pursuant to the special proceedings in the county court, of the sons' rights and interests in real property of the estate in consideration of her note for $3,400, payable to the sons and secured by her mortgage on the property.   Such additional facts as may be involved in passing upon appellants' conten-

tions as to alleged errors on the part of the trial court will be stated when necessary.

1. Appellants contend the court erred in holding that the wards were entitled to be credited in the guardian's account with interest at six per cent per annum on the sum of $1,883.33, which was the value of their two-thirds share of the personal property assigned to them by the final judgment entered on August 10, 1921, in the administration of their father's estate. The other one-third share of that property was assigned by the judgment to the guardian, as the widow of Alfred Kueschel; and on August 20, 1921, she received from the administrator all of that personal property and thereafter retained full possession and control thereof. In her first annual account as guardian, filed for 1921, she charged herself "with two-thirds of the value of the personal property, . . . being in the amount of $1,883.33, and being the said wards' share of said personal property;" and later she executed a chattel mortgage thereon to secure a loan obtained for her own use to pay claims against her father's estate for the payment of which it would otherwise have been necessary for her to sell property of which she was the legatee. Under the circumstances the court was warranted in determining that the credit of $1,883.33 given to the wards in the guardian's annual account "was thereafter treated as cash, and . . . should now be treated as cash from the inception of the guardianship;" and in restating the final account, the court properly entered the sum of $1,883.33 as a credit to the wards in the year 1921. That sum, constituting her wards' funds, the court concluded it was the guardian's duty to invest in an interest-bearing security, and that as she was remiss in this respect she should be charged with interest thereon. Accordingly, in restating her account the court allowed the wards a credit of $113 as interest for 1921 on the $1,883.33, and also a credit of $3.86 as interest for 1922 on a balance of $64.30. That was the amount remaining on hand at the

beginning of 1922, in the account as restated by the court, after deducting from the $1,883.33, plus the credit of $113 as interest for 1921, credits of $1,932.03 allowed by the court to the guardian for disbursements made by her in 1921 for clothes for the wards, and the payment of their proportionate part of taxes and interest and some of the principal on mortgages on the real property in which they had interests. As these necessary disbursements of $1,932.03 for the wards exceeded their credit of $1,883.33 in the guardian's annual account for 1921, there obviously were no funds on hand in that year for which there was no immediate need to maintain the wards. And that was likewise true as to the year 1922, at the end of which there were $49.06 owing to the guardian. In view of those circumstances there were no funds of the wards as to which there could be considered applicable the rule that it was the duty of the guardian to invest a ward's funds in such interest-bearing securities as the statute authorizes. That rule is applicable only when there are funds "for which there was no immediate need in order to maintain the ward." *Guardianship of Paulsen,* 229 Wis. 262, 271, 282 N. W. 36. In *Guardianship of Uggen,* 224 Wis. 24, 27, 271 N. W. 326, we said, "We are of opinion also that a six months' period is as long as considerable sums should ordinarily be held for temporary purposes by statutory trustees." It follows that, in view of the disbursements which were made by the guardian in 1921 and 1922 for immediate needs of the wards and for which the court therefore allowed the credits to the guardian in restating the accounts, she was not remiss in not investing the $1,883.33 in interest-bearing securities; and that consequently the account as restated by the court must be modified by eliminating the charges of $113 and $3.86 against the guardian for interest in 1921 and 1922, and by thereupon and in consequence thereof restating the balance on hand at the end of each of the subsequent years.

2. Appellants contend the court also erred in its determination in relation to the guardian's obligation by reason of the note and mortgage for $3,400 given by her in 1925 as consideration for the conveyance to her of the wards' interest in the real estate, subject to mortgages thereon for $4,200 and $2,000, respectively, and also her homestead and dower rights. In relation to that $3,400 obligation we decided on the former appeal that "The guardian's final account *must be surcharged* with this item of the $3,400 note and mortgage *as cash;*" and that constitutes a final determination on that subject for this case. In relation to that item, the trial court found, in the proceedings pursuant to the mandate, that,—

"the mortgage given by Margaret Kueschel secured a note bearing six per cent interest, payable semiannually, in the principal sum of $3,400, and that at the time of said transaction both the said J. L. Rollman and Margaret Kueschel knew and understood that the interest of the minors was being paid for by the execution of the said note and third mortgage in the sum of $3,400. . . . "

And in accordance with our determination that the guardian's account must be surcharged with the $3,400 item, there is as a credit to the wards in the guardian's account for 1925, as restated by the court, the item, "Received from sale of real estate $3,400." And of this sum there remained at the end of 1925, in the account as restated, a balance of $2,789.90, after the court's deduction of $610.10 for disbursements made by the guardian in 1925 for the wards' clothing, and proportionate obligations for interest on mortgages on the real property, in addition to a balance of $377.78 remaining to the credit of the guardian for similar disbursements during 1921 to 1925 after deducting therefrom the above-stated balance of $64.30, left to the credit of the wards at the beginning of 1922. In the subsequent annual accounts, as restated by the court for 1926 to 1945, the 1925 balance of $2,789.90 to the credit of the wards is increased by annual

credits for interest on the annual balances owing by guardian; and is decreased by annual deductions therefrom until 1930 of credits for clothing furnished to the wards by the guardian. As thus restated the account is in accord with our decision on the former appeal in respect to the $3,400 item. On the other hand, likewise the credits, which the court allowed the guardian in the restated account, of $1,774.52 as the wards' proportionate benefit by the payment of $1,962.68 made by her in 1921 on mortgage indebtedness owing by her husband when he died, and also allowed to her as the wards' proportionate share of the various amounts paid by her in 1921 to 1925 for the taxes and interest on mortgages on the real property, are in accord with our determination on that appeal that "To the extent that the interest of the wards in the real estate was benefited by these payments [on said mortgage indebtedness], the widow as their general guardian is entitled to credit in her final account;" and that "As to all these items, both taxes and interest [paid to her] should be apportioned to the respective interests in the real estate. The wards should be charged to the extent that their interests should bear in the items of taxes and interest, and the guardian should have credit accordingly."

3. Appellants contend the court erred in annually allowing charges against her for interest at six per cent per annum on the balances found by the court to be owing to the wards at the beginning of each year. Appellants claim that as the account was unsettled and unliquidated and there were involved questions as to the guardian's management and her right to make charges for board and maintenance of the wards, and as to who was chargeable with taxes and the interest on incumbrances, and as to in what proportions such taxes and interest were chargeable, interest on balances should be allowed against her only from the date of the conclusion of the final settlement. In relation to the charges against the guardian for interest allowed, the court said:

"I have balanced the accounts each year and have computed interest for the year on the balance due to or from the guardian at the beginning of the year. This is true throughout until the close of the year 1930, which was the last year for which the guardian filed an account. From the end of 1930 on, only simple interest was charged to the guardian for the balance in her hands belonging to the wards."

The computation and allowance of interest in that manner are entirely in accord with the rules approved in *In re Guardianship of Thurston,* 57 Wis. 104, 109, 15 N. W. 126,—

"For the purpose of deducting the sums allowed for the maintenance of the ward, the rests and deductions should have been made annually; and on the balance remaining in the hands of the appellant when he ceased to maintain the ward, which was June 15, 1875, simple interest should have been computed to the date of the findings and judgment, August 26, 1881. That is the rule for computing simple interest, for the expenditures in each year exceeded the interest." See also *Abrams v. United States Fidelity & Guaranty Co.* 127 Wis. 579, 586, 106 N. W. 1091.

4. Neither can there be sustained appellants' contention that the court erred in concluding that the guardian was not entitled to the credit for $2,000 which she claims on account of a note and mortgage for that amount which was an incumbrance on the real property when she purchased the wards' rights and interests therein. That note and mortgage belonged to her father and was acquired by her as a legatee under his will, but she lost the benefits thereof when her rights were cut off by the foreclosure of a prior mortgage, which resulted in also cutting off entirely all of the rights and interests of the wards, which she acquired on her purchase of the real property for the consideration of the $3,400 secured by her note and mortgage. As in computing the value of the wards' rights and interests in the property when she purchased it in 1925, subject to that $2,000 note and mort-

gage, the amount thereof was deducted from the purchase price, which by reason of such deduction was $2,000 less than if her purchase thereof had not been subject to that mortgage indebtedness, it is obvious that the benefit expected to accrue from her legacy of the note and mortgage was to accrue to her alone, and that the wards never were to receive any benefit therefrom. Consequently in respect thereto the court rightly concluded that the guardian was not entitled to any credit in her account.

Neither do we find any error prejudicial to appellants in respect to their other contentions on this appeal. Although error is asserted also on behalf of the wards in several respects there can be no review thereof in the absence of the service of a notice for that purpose under sec. 274.12, Stats.

It follows that the guardian's account as restated by the court must be and is hereby approved excepting in so far as it must be modified by eliminating the charges made against the guardian for interest of $113 in 1921 and $3.86 in 1922; and by restating, in view of the errors in these respects, the balance annually either on hand or due the guardian,—as the situation may be,—at the end of each year from 1921 to 1930, and restating the interest accruing thereon during each of those years and also the interest accruing thereafter on the balance due the wards at the beginning of 1931.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as directed in the opinion.